IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| JOHN F. OWENS and ELIZABETH OWENS, Individually and as Joint Legal Guardians and Next Friends of Michael Deandre Owens, and MICHAEL DEANDRE OWENS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05-2774 B/P |
| CORRECTIONS CORPORATION OF AMERICA, DANNY SCOTT, Individually and in his official capacity as Warden of the Shelby Training Center, SHELBY TRAINING CENTER, "MR. LUMPKIN" (Whose name is otherwise unknown to Plaintiffs), "MR. JONES" (Whose name is otherwise unknown to Plaintiffs), "MR. DOUGLAS" (Whose name is otherwise unknown to Plaintiffs), JOHN and JANE DOES ONE, TWO, THREE, FOUR, FIVE AND SIX, Individually and in their official capacities as employees of Corrections Corporation of America, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is a Motion to Dismiss Plaintiffs' Claims with Prejudice Due to Plaintiffs' Failure to Comply with a Previous

Order of this Court and for Failure to Prosecute, filed by defendants Corrections Corporation of America ("CCA"), Danny Scott, and Mr. Jones on September 1, 2006 (D.E. 21), and a Motion to Strike Plaintiff's Partial Designation of Expert Witnesses or in the Alternative Motion in Limine, filed by defendants on October 17, 2006 (D.E. 33).  Also before the court is a Motion to Extend Deadline to Take Expert Witnesses Depositions Pursuant to Rule 26 (D.E. 23) and Motion to Request Additional Time to Respond to Discovery and Request for a New Scheduling Order, filed by plaintiffs on October 2, 2006.  These motions were referred to the Magistrate Judge for a report and recommendation.  On October 19, 2006, the court held a hearing on these motions.  Counsel for all parties were present and heard.

For the reasons below, the court recommends that the defendants' motion to dismiss and motion to strike be denied, defendants' request for reimbursement of attorney fees and expenses with respect to the motion to dismiss be granted, and the plaintiffs' motion to extend deadline and motion for a new scheduling order be granted.

### I.  PROPOSED FINDINGS OF FACT

On September 8, 2005, the plaintiffs filed a civil rights complaint in Circuit Court of Shelby County, Tennessee, alleging injuries sustained by Michael Owens while he was in custody at Shelby Training Center, a juvenile detention center.  On October

19, 2005, the defendants removed the case to federal court. Pursuant to written notice under Fed. R. Civ. P. 16(b), the parties appeared before the court on February 2, 2006, for a scheduling conference.  The court subsequently entered a scheduling order setting various deadlines, including July 14, 2006 for plaintiffs' Rule 26 expert disclosures, August 31, 2006 for defendants' expert disclosures, and November 30, 2006 for completion of all discovery. The court set the case for trial beginning January 8, 2007.

Prior to the scheduling conference, the defendants filed a motion to dismiss the claims against defendant "Mr. Douglas" pursuant to Fed. R. Civ. P. 12(b).  Plaintiffs did not file a response to the motion within 30 days as required by Local Rule 7.2(a)(2), and as a result, the court entered an order on December 20, 2005, directing plaintiffs to show cause within 15 days why the motion to dismiss should not be granted.  The show cause order warned plaintiffs that their failure to respond in a timely manner "may result in the granting of the dispositive motion."  On February 9, 2006, the court granted the defendants' motion to dismiss based on plaintiffs' failure to respond to the motion to dismiss and to the court's December 20 show cause order.

On June 1, 2006, defendants CCA, Scott, and Jones served plaintiffs with their First Set of Interrogatories and Requests for Production of Documents.  The plaintiffs did not respond to these discovery requests.  As a result, the defendants filed a motion to

compel discovery on July 19, 2006. Plaintiffs did not file a response to the motion to compel within the time period allowed under Local Rule 7.2(a)(2). Thus, the court entered an order on August 16, 2006, granting the motion to compel and requiring the plaintiffs to respond to the defendants' interrogatories and document requests within eleven (11) days from the date of the order. The court warned plaintiffs that "failure to comply with this court's orders, or to participate in discovery, shall result in a recommendation to the District Judge that the case be dismissed with prejudice." The August 16 order also required the plaintiffs to reimburse the defendants for their attorney fees and expenses incurred as a result of filing the motion to compel.[1]

The plaintiffs did not comply with the court's August 16 order. On September 1, 2006, the defendants filed a motion to dismiss based on plaintiffs' non-compliance with the court's order. In addition, on October 17, 2006, the defendants filed a motion to strike, seeking an order from the court barring plaintiffs from presenting any expert testimony at trial because they did not provide any expert disclosures by July 14, 2006 as required by the scheduling order. According to the motion, the plaintiffs "disclosed" the identities of several treating physicians and a potential corrections facility expert on September 22, 2006, but

---

[1] By order dated August 17, 2006, the court, based on the declaration submitted by defendants' counsel, awarded the defendants $589.50 in attorney fees and expenses.

-4-

the disclosure did not include an expert report or any other information required under Rule 26(a)(2)(B) for the corrections facility expert.[2] Defendants also seek reimbursement of attorney fees and expenses as a sanction under Fed. R. Civ. P. 37.

In response, the plaintiffs filed a motion for a new scheduling order and a motion to extend plaintiffs' deadline to take expert witness depositions. Plaintiffs ask for an additional thirty days to respond to the defendants' interrogatories and document requests, and an amendment to the scheduling order to allow for the completion of expert discovery. In support of these motions, and in response to defendants' motion to dismiss, the plaintiffs point to the following personal and professional difficulties encountered by plaintiffs' counsel during the course of this litigation: (1) in February 2006, counsel was suffering

---

[2]Rule 26(a)(2)(B) requires that a party who intends to use an expert witness at trial must provide the other parties with a written report prepared and signed by the expert witness, which shall contain

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

from an unknown recurring condition that "virtually incapacitated him" for extended periods of time; (2) counsel has recently been diagnosed with a severe case of gout, which is now being treated by medication; (3) sometime during May or June 2006, counsel suffered a partial tear in the biceps of his right arm that "required complete immobilization of that arm" for an extended period of time; (4) during June and July 2006, counsel's son was hospitalized twice with a condition that eventually required surgery; (5) on June 16, 2006, counsel's house was damaged as a result of lightning striking a tree that fell on counsel's house, causing significant damage; and (6) counsel lost three employees from his staff during this time period.  Plaintiffs contend that all of these problems prevented their counsel from participating in this litigation for the past several months.

## II.   PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37 empowers the court, upon motion, to sanction a party for failing to comply with orders of the court or to cooperate in discovery.  See Fed. R. Civ. P. 37(b)(2),(c),(d).  The rule provides in part as follows:

> **(b)(2) Sanctions by Court in Which Action is Pending.**  If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .
>
> **(c) Failure to Disclose; False or Misleading Disclosure;**

-6-

> **Refusal to Admit.** (1) A party that without substantial justification fails to disclose information required by Rule 26(a) . . . [may be sanctioned as provided] under Rule 37(b)(2)(A), (B), and (C) . . .
>
> **(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party . . . (2) [fails] to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) [fails] to serve a written response to a request for inspection submitted under Rule 34, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Id. Thus, Rule 37 expressly authorizes the court to sanction a party, including dismissing the action, based on a party's failure to comply with a court order or to respond to interrogatories and document requests "unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, at **3 n.1 (6th Cir. 2003). Id. Rule 37 further provides that, in lieu of exclusion and upon motion and after affording an opportunity to be heard, the court may impose "other appropriate sanctions." Id.

The Sixth Circuit has established a four-factor test for determining whether dismissal is appropriate as a Rule 37 sanction:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Harmon v. CSX Transportation, Inc., 110 F.3d 364, 367 (6th Cir. 1997) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988)).

The court submits that, although plaintiffs were warned that failure to comply with the court's August 16 order would result in dismissal of their lawsuit, the severe sanction of dismissal is not warranted under the circumstances. Counsel for plaintiffs has represented to the court that since at least February 2006, he has experienced both professional and personal difficulties that prevented him from complying with the court's August 16 order. Although counsel should have brought these issues to the court's attention much earlier, the court finds that the discovery violations were not committed in bad faith, the prejudice to the defendants can be minimized somewhat by a brief extension of the deadlines in the scheduling order, and the less severe sanction of reimbursement of attorney fees is available and more appropriate in this case. See Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir. 1985) (dismissal is "a sanction of last resort").

The court further submits that, for the same reasons above, the sanction of exclusion of plaintiffs' expert witnesses is not warranted. Specifically, based on plaintiffs' counsel's representation to the court that he suffered serious medical problems since February 2006 (in addition to the other problems cited above), there was substantial justification for plaintiffs'

failure to meet the expert disclosure deadline. Finally, the court finds good cause to amend the scheduling order.

### III.  RECOMMENDATION

Accordingly, the court recommends that the motion to dismiss and motion to strike be denied, and that plaintiffs be ordered to pay the defendants' attorney fees and expenses incurred as a result of filing the motion to dismiss and for counsel's appearance at the October 19 hearing. Counsel for defendants shall file an affidavit or declaration within seven (7) days from the date of this report setting forth their attorney fees and expenses associated with the motion to dismiss and hearing.

It is further recommended that plaintiffs' motion to extend deadline and motion for a new scheduling order be granted. Plaintiffs shall fully comply with the court's August 16 order within eleven (11) days from the entry of this report. Should the District Judge adopt this report and recommendation, the parties shall promptly contact the undersigned Magistrate Judge to set a date for a scheduling conference.

Finally, plaintiffs and their counsel are warned again that failure to comply with the court's orders or to participate in discovery shall result in their case being dismissed with prejudice.

Respectfully Submitted.

```
                          s/ Tu M. Pham
                          _____
                          TU M. PHAM
                          United States Magistrate Judge


                          November 17, 2006
                          _____
                          Date
```

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**